DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

ALBERT W. CALLWOOD and MARIA DE )
LOS A. CALLWOOD,               )
                               )
         Plaintiffs,           )
                               )   Civil No. 2008-119
         v.                    )
                               )
GOVERNMENT OF THE VIRGIN       )
ISLANDS,                       )
                               )
         Defendant.            )
                               )

ATTORNEYS:

**Albert W. Callwood**
 *Pro se plaintiff.*

**Maria De Los A. Callwood**
 *Pro se plaintiff*

**Vincent Frazer, AG**
St. Thomas, U.S.V.I.
 *For the defendant.*

<u>ORDER</u>

**GÓMEZ, J.**

Albert W. Callwood and Maria De Los A. Callwood, (collectively referred to as "the Callwoods"), who are representing themselves, commenced this action on August 21, 2008, against the Government of the Virgin Islands (the "Government").

On that same date, the Clerk of the Court issued a summons that listed "Government of the Virgin Islands, Charlotte Amalie,

*Callwood v. Government of the Virgin Islands*
Civil No. 2008-119
Order
Page 2

St. Thomas, U.S.V.I." as the defendant and addressee. (Summons, ECF No. 2.)

On or about July 29, 2008, George Francis, Process Server, filed a return of service with the Clerk of the Court. That document stated that service of process was made on an individual at the Attorney General's office at the Government Employees' Retirement System Building.

Federal Rule of Civil Procedure 4(j)(2) provides:

(2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

    (A)   delivering a copy of the summons and of the complaint to its chief executive officer; or

    (B)   serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2) ("Rule 4(j)(2)"). Virgin Islands law does not provide for service of process on the Government in a way that differs from that set forth in Rule 4(j)(2)(A). Failure to effect proper service within 120 days could result in dismissal of an action. *See* Fed. R. Civ. P. 4(m).

Here, the Callwoods did not serve the Government's chief executive officer, that is, the Governor of the Virgin Islands,[1] within 120 days. As a consequence, on December 17, 2008, the Court ordered the Callwoods, within fourteen days, to "show cause in writing why this matter should not be dismissed for lack of timely service." (Order, Dec. 17, 2008, ECF No. 4 at 3). The Court warned that failure to comply with its instructions could result in the dismissal of this matter.

In response, the Callwoods submitted a document entitled, "Compliance to Court Order." (Pls.' Notice, ECF No. 5). In that document, the Callwoods reiterated the allegations in their complaint. They did not address the pertinent issue of service on the Government.

On May 15, 2009, the Court dismissed this case for lack of timely service.

Thereafter, notwithstanding the Court's dismissal of this case, the Callwoods repeatedly petitioned the Court for "constitutional justifiable compensation."[2] (Pls.' Mot. Comp., ECF Nos. 13-20, 22, 24-26).

---

[1] *See* 48 U.S.C. § 1591 ("The executive power of the Virgin Islands shall be vested in an executive officer whose official title shall be the 'Governor of the Virgin Islands.'").
[2] These motions reiterate the allegations in the Callwoods' complaint.

In factually similar cases the Third Circuit has affirmed orders which imposed injunctions against further filings. *See, e.g., Thompson v. Eva's Vill. & Sheltering Program*, 377 F. App'x 141, 143 (3d Cir. 2010) (affirming district court order which stated that, "'[I]n light of his frequent and inappropriate filings and because this case is closed, Mr. Thompson may not file, and the Clerk of the Court shall not accept, any action, motion, or pleading dealing with the issues resolved in this case without leave of the District Court'").

On November 9, 2011, the Court entered an order denying all of the Callwoods' motions for "constitutional justifiable compensation." The Court also ordered the Callwoods, within fourteen days, to "show cause in writing why the Court should not impose a filing injunction in this matter against the plaintiffs." (Order, Nov. 9, 2011, ECF No. 29). The Court warned that failure to comply with its instructions could result in the Court imposing a filing injunction against the Callwoods in this matter.[3]

In response, the Callwoods submitted four additional motions for "Constitutional justififable [sic] compensation."

---

[3] "[A] filing injunction against a vexatious litigant 'should not be imposed by a court without prior notice and some occasion to respond." *Thompson*, 377 F. App'x at 143 (finding that the injunction was "narrowly tailored to prohibit future action concerning the issues resolved in the present case") (quoting *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987)).

*Callwood v. Government of the Virgin Islands*
Civil No. 2008-119
Order
Page 5

(Pls.' Mot. Comp., ECF Nos. 30, 32, 34, 37). In those motions the Callwoods reiterate the allegations in their complaint and prior motions. They do not address the pertinent issue of a filing injunction in light of their frequent and inappropriate filings in this matter.

The Callwoods also submitted three documents notifying the Court that "[l]ast week unconstitutional, unlawful, fraudulent, unsolicited, unwanted and harmful mail and documents sent by the Virgin Islands Superior Court through the United States Postal Services to Albert and Maria Callwood…" (Pls.' Notice, ECF. Nos. 31, 33, 55). The notices did not address the pertinent issue of a filing injunction in light of the Callwoods' frequent and inappropriate filings in this matter.

Thereafter, on December 28, 2011, the Court denied all of the Callwoods' pending motions in this matter. The Court also ordered that the Callwoods may not file anything in this case without leave of the Court. Despite that command, the Callwoods have filed this exact motion for justifiable compensation in numerous cases, including this one. These filings occur near the first of each month. This is the very definition of vexatious litigation.

*Callwood v. Government of the Virgin Islands*
Civil No. 2008-119
Order
Page 6

The premises considered, it is hereby

**ORDERED** that the Callwoods' motions in this matter for justifiable compensation are **DENIED**; and it is further

**ORDERED** that the Callwoods may not file, and the Clerk of Court shall not accept, any action, motion, or pleading dealing with the issues resolved in this case without leave of the District Court.

S\_____
      **Curtis V. Gómez**
      **District Judge**